UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>JOHN MICHAEL VAZQUEZ<br>UNITED STATES DISTRICT<br>JUDGE | FRANK R. LAUTENBERG<br>POST OFFICE AND<br>COURTHOUSE<br>2 FEDERAL SQUARE, ROOM 417<br>NEWARK, NJ 07102<br>973-297-4851 |

August 2, 2016

VIA ECF

**LETTER OPINION AND ORDER**

    Re:    **SCIPIO v. VITEC VIDEOCOM, et al.**
               **Civil Action No. 15-7776**

Dear Litigants:

       The Court has reviewed the motions of Defendants Vitec Videocom's ("Vitec"), Seamus McNally, Lorena Lupinacci, Jennifer Milkey, Donald Mason, and Marty Frasco. All of the individuals named are current or former employees of Vitec (collectively referred to as the "Individual Defendants"). Defendants move for partial dismissal of the Complaint for failure to state a claim and the Individual Defendants move to dismiss the Complaint for insufficient service of process. For the reasons stated below, the Court grants Defendants' motion for partial dismissal of the Complaint for failure to state a claim. Counts One, Two, Three and Five are dismissed with prejudice and Counts Six, Seven, Eight, and Nine are dismissed without prejudice. If he so chooses, Plaintiff has 45 days to amend and re-file the Complaint as to those counts which are dismissed without prejudice. The Individual Defendants' motion to dismiss for insufficient service of process is denied and Plaintiff has 45 days to properly serve the Individual Defendants.

       This case concerns the alleged discrimination by Vitec and the Individual Defendants against Plaintiff Michael Scipio ("Plaintiff"). Plaintiff filed his Complaint *pro se* on October 29, 2015 alleging ten causes of action. D.E. 1 ("Compl."). Specifically, Plaintiff alleges the following: Count One – violation of Due Process and Equal Protection under Fourteenth Amendment of the United States Constitution; Count Two – violation of Due Process and Equal Protection of the New Jersey Constitution; Count Three – violation of 42 U.S.C. § 1983; Count Four – violation of 42 U.S.C. § 1981; Count Five – violation of New Jersey Civil Rights Act, N.J.S.A. 10:6-2 *et seq.* ("NJCRA"); Count Six – violation of 42 U.S.C. § 1985 et seq.; Count Seven – violation of 42 U.S.C. § 1986, Count Eight – violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.* ("CEPA"); Count Nine – Defamation; and Count Ten – violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII"). *Id.* ¶¶ 96-145. On April 20, 2016, Defendants moved to dismiss all counts, except Counts Four and Ten, pursuant to Federal

Rule of Civil Procedure 12(b)(6). D.E. 17.[1] On May 23, 2016, the Individual Defendants moved to dismiss the Complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 4(e), and for untimely service of process pursuant to Rule 4(m). Indiv. Def. Br. at 1. The motions are unopposed.

Regarding Counts One and Two, Defendants argue that they should be dismissed because there is no allegation that Defendants are state actors. *Id.* at 2. Defendants assert that Counts Three and Five should be dismissed because Plaintiff has not alleged that Defendants were acting "under color of state law," as required for a Section 1983 claim and the NJCRA. *Id.* As to Count Six, Defendants submit that it fails for three reasons: (1) Plaintiff does not plead the elements of the alleged conspiracy; (2) the alleged conspiracy, as pled, is not actionable; and (3) the same claim is already addressed by Plaintiff's Title VII claim. Since Count Six must be dismissed, Defendants argue that Count Seven fails because it is not an independent claim from Count Six. Defendants claim that Count Eight fails because it "does not actually assert any whistleblowing activity and only concerns alleged violations of Vitec's internal rules." *Id.* Lastly, Defendants argue that Count Nine cannot be maintained because Plaintiff does not identify any defamatory statements. *Id.*

The Individual Defendants, in their motion to dismiss for insufficient service, argue that Plaintiff (1) failed to properly serve the Individual Defendants in accordance with Rule 4(e), and (2) failed to timely serve the Individual Defendants in accordance with Rule 4(m). Indiv. Def. Br. at 1. The Individual Defendants allege that two of them were improperly and untimely served and that the remaining individuals were never served. *Id.* at 3-5.

## Background

The following facts are derived from Plaintiff's Complaint.[2] In August 2013 Plaintiff began working as a temporary employee at Vitec, a company located in Budd Lake, New Jersey, that provides support equipment and accessories for cameras. Compl. ¶¶ 12-13. His temporary employee status lasted from August 2013 until April 2014, when he accepted a position at Vitec as a "Warehouse Shipping Lead." *Id.* ¶ 12. Before accepting this position, he was advised by Lorena Lupinacci, the manager of Vitec's Human Resources, that Vitec "did not try to lock employees into positions" and "fostered an environment that encouraged and allowed employees to apply for opportunities within the company." *Id.* ¶ 48.

Plaintiff's Complaint alleges instances of discrimination and describes a "hostile work environment." *See id.* ¶¶ 20-95. Initially, Plaintiff alleges that he notified Vitec employee Marty Frasco in October 2014 that "due to the accumulation of events, a stressful and hostile environment

---

[1] Defendants' Brief in support of its Motion for Partial Dismissal of the Complaint will be referred to hereinafter as "Def. Br." (D.E. 17), Individual Defendants' Brief in support of their Motion to Dismiss the Complaint as to the Individual Defendants for insufficient service of process will be referred to hereinafter as "Indiv. Def. Br." (D.E. 21).

[2] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

was being created" and that "[Plaintiff] wanted to work the situation out with [Frasco], but if not possible, plaintiff would have to address [his] concerns through HR." *Id.* ¶¶ 66-67. Also in October 2014, Frasco told Plaintiff that "he would discontinue his previous attempts to modify [P]laintiff's job description and responsibilities." *Id.* ¶ 69. Sometime in 2014, Plaintiff stated his concern that Frasco (or other management) was "requiring the [Plaintiff] to perform functions of Inventory Control [instead of Warehouse Shipping Lead]". *Id.* ¶ 79. Plaintiff further alleges that Frasco "scream[ed] at and berate[d] [P]laintiff in front of [a coworker]." *Id.* ¶ 81. Plaintiff eventually filed a grievance letter with Vitec on February 23, 2015. *Id.* ¶¶ 41, 43. The grievance letter concerned Plaintiff's alleged discriminatory treatment under Frasco's supervision, and the creation of a hostile work environment. *Id.* ¶¶ 3, 43-44. "[I]n or around the last two months of [] 2015,"[3] a temporary employee was placed into a permanent job which Plaintiff had sought. *Id.* ¶ 21.

Plaintiff emphasizes the fact that he was told that it was Vitec's policy to offer available positions first to permanent employees, and then allow temporary employees to apply for these positions. *Id.* ¶¶ 32, 34. In Plaintiff's grievance letter written on February 23, 2015, and in a subsequent meeting, Plaintiff "expound[ed] upon options and articulated unequivocally that beyond addressing the hostile work environment issue, Plaintiff wanted either . . . a raise to stay in the current job . . . or a move to one of the vacant positions or temporarily filled positions in the warehouse." *Id.* ¶¶ 35-37. Plaintiff proposed four different positions he "could fill immediately," including: "(1) data entry, (2) warehouse shipping, (3) cycle count or (4) receiving." *Id.* ¶ 38. After Plaintiff's request to change positions, another employee was moved to the receiving job he had applied for. *Id.* ¶¶ 40-41. Vitec offered no written or verbal reason why Plaintiff's request to move was denied. *Id.* ¶ 42. Plaintiff concludes that these incidents were contrary to company policy, and that Vitec blocked Plaintiff from applying for positions "in an illegal discriminatory fashion." *Id.* ¶ 26.

During the last week of March 2015, Donald Mason, a Vitec employee, "inappropriately accused [Plaintiff] of being on the clock but off [sic] out of the building." *Id.* ¶ 49. Plaintiff alleges that he proved to Mason that he was, in fact, "off the clock and on lunch . . . [a]nd advised [Mason] he should not address [Plaintiff] or force [Plaintiff] to participate in official company business on [his] personal time." *Id.* ¶ 50. The next day Mason apologized for his behavior and offered Plaintiff the position of "picker/packer." *Id.* ¶ 53. Plaintiff responded that he had requested a move to a different position in February 2015. *Id.* ¶ 54.[4]

Plaintiff alleges that Vitec retaliated "against Plaintiff for filing a grievance and reporting a Hostile Work Environment" by issuing a "letter of warning" to Plaintiff. *Id.* ¶¶ 57-58. Plaintiff further alleges that he never received "the investigation report" or an "adequate response" to the

---

[3] The year 2015 appears to be in error since Plaintiff was terminated on April 28, 2015. *Id.* ¶¶ 12, 21. Since Plaintiff is being given the opportunity to re-plead this matter, he should correct the year if it is in fact erroneous.

[4] The alleged exchange with Mason is not very clear. It does not seem that Plaintiff accepted the offer to move to the "picker/packer" position. *Id.* ¶¶ 53-54.

3

claims he raised. *Id.* ¶¶ 59-60. Around April 8, 2015, Plaintiff filed a formal EEOC complaint bringing claims "for disparate treatment and discrimination based on sex (male) and/or Race (African-American)." *Id.* ¶ 20. On or around April 28, 2015, Plaintiff received an email with an unsigned letter from Human Resources terminating his employment. *Id.* ¶ 12. Plaintiff then filed the present Complaint.

## Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## Discussion

### Counts One, Two, Three and Five

Plaintiff asserts that his Due Process and Equal Protection[5] rights under both the Federal (Count One) and New Jersey (Count Two) Constitutions were violated. Compl. ¶¶ 96-107.

---

[5] The Court assumes, for purposes of this motion, that Plaintiff alleges violations of the United States Constitution as made applicable to the states through the Fourteenth Amendment. The

4

Defendants argue that these Counts must be dismissed because the "federal and state Constitutions do not apply to the actions of a private employer, like Vitec and its employees." Def. Br. at 6. In Counts Three and Five, Plaintiff brings a Section 1983 claim and a New Jersey Civil Rights Act Claim ("NJCRA"), respectively. Compl. ¶¶ 108-113, 120-123. Defendants argue that Counts Three and Five should be dismissed since they similarly fail to allege any state action, as required by the relevant laws. *Id.* at 7-8.

Section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). Therefore, Plaintiff's alleged deprivation of his federal constitutional rights in Count One is essentially a civil rights claims brought pursuant to 42 U.S.C. § 1983, as set forth in Count Three. Similarly, since "civil claims for violations of the New Jersey Constitution can only be asserted by way of the New Jersey Civil Rights Act," *Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 548 (D.N.J. 2013), Count Two is analyzed as though it were brought pursuant the NJCRA, as was asserted in Count Five. Additionally, since the NJCRA is interpreted analogously to Section 1983, *Petit v. New Jersey*, No. 09-3735, 2011 WL 1325614, at *3 (D.N.J. Mar. 20, 2011), all four counts will be analyzed according to Section 1983.

Defendants are correct that both the United States and New Jersey constitutional provisions at issue here govern "only state conduct, not that of private citizens." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). To bring a Section 1983 action, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A person "acting under color of state law," is a person whose power is derived from state law or whose action is "made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks omitted).[6]

In *Warner v. B. Pietrini & Sons Construction*, the Third Circuit affirmed an order by the district court dismissing a *pro se* plaintiff's Section 1983 action because the plaintiff made "no allegations supporting even an arguable inference that [defendant], a private entity, was acting under color of state law when it engaged in the conduct at issue in this case." 588 F. App'x 106, 107 (3d Cir. 2015); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 186–87 (3d Cir. 2015) (affirming district court's dismissal of *pro se* plaintiff's complaint against a company that provided water dispensers because there was "no suggestion that [the water dispenser company] exercised any power or authority attributable to state law" when it provided a correctional facility with allegedly defective water dispensers). Here, Plaintiff's Complaint fails to allege that any Defendant was acting in accordance with authority vested by state law or is a state actor. Vitec

---

Court is aware of no alleged federal actors in the Complaint. However, even if Plaintiff meant to allege federal action, it would not change the Court's analysis.

[6] "Under color of law" and "state action" are interpreted identically. *See Kach*, 589 F.3d at 646.

appears to be a private entity.[7] Therefore, Counts One, Two, Three and Five are dismissed with prejudice.

Counts Six and Seven

In Count Six Plaintiff brings a claim under 42 U.S.C. § 1985, conspiracy to interfere with civil rights. Compl. ¶¶ 124-127. Defendants argue that this claim should fail for three reasons: (1) "Plaintiff does not provide any factual support for his claim that there was a conspiracy"; (2) "any alleged conspiracy is not legally supportable because a company cannot conspire with its officers"; and (3) "parties cannot maintain § 1985 claims that seek the same protections as Title VII." Def. Br. at 8. The Court agrees with Defendants as to point one: the Complaint does not sufficiently articulate any basis for conspiracy, as between Vitec and its employees or between and among the employees.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must establish: "'(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.'" *Livingston v. Borough of Edgewood*, 430 Fed. Appx. 172, 178 (3d Cir. 2011) (quoting *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)). "[C]laims under Section 1985 must be pleaded with specificity in order to withstand a motion to dismiss. Broad, conclusory allegations, unsupported by specific facts implicating specific defendants are insufficient to state a claim upon which relief can be granted." *Martin v. Delaware Law Sch. of Widener Univ.*, 625 F. Supp. 1288, 1297 (D. Del. 1985) *aff'd*, 884 F.2d 1384 (3d Cir. 1989) (internal citation omitted).

Here, Plaintiff alleges that:

> [b]y failing to follow its own official rules, regulations, policies and established procedures, and by acting in disguise, concert and/or collusion, and by failing to refrain from participation in prohibited acts, defendants (sic) EMPLOYER and individually named defendants have, willfully, knowingly, intentionally and/or negligently deprives (sic) Plaintiff of equal rights, privileges and/or immunities under law in violation of 42 U.S.C. § 1985 et seq.

Compl. ¶ 126. Additionally, Plaintiff states that:

> [b]y failing to adequately train, supervise, monitor, control, investigate, reprimand, and/or implement corrective action or otherwise discipline the individually named defendants, defendant AGENCY (sic) knowingly, recklessly and/or negligently condoned,

---

[7] The Court notes that there are limited circumstances in which behavior by private entities constitutes state action. *See Kach*, 589 F.3d at 646. Plaintiff fails to allege facts that would reasonably support any recognized exception.

6

> caused and/or exacerbated the conduct of the individually named defendants in violation of plaintiff[']s rights under 42 U.S.C. § 1985 et seq.

Compl. ¶ 127.

The Complaint does not contain sufficient factual detail to plead a claim under Section 1985. In particular, Count Six is deficiently pled because there is no allegation that there was any discriminatory intent on the part of Vitec and the Individual Defendants. *See Handelman v. State of New Jersey*, No. 16-2325, 2016 WL 3691976, at *11 (D.N.J. July 12, 2016) (holding that to state a valid Section 1985 claim, "there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.") (internal quotation marks omitted). The only insinuation made by Plaintiff regarding discriminatory treatment is in paragraph twenty of his Complaint, in which he states that he made a formal Complaint with the EEOC for discrimination based on his African-American race. Compl. ¶ 20. This allegation is not repeated under his Section 1985 claim, and even if it were, mere insinuations that Defendants acted because Plaintiff is an African American is insufficient to state a valid claim. *See Delbridge v. Whitaker*, No. 09-4227, 2010 WL 1904456, at *8 (D.N.J. May 10, 2010). Moreover, Plaintiff fails to allege with any specificity facts concerning the actual conspiracy. Thus, Plaintiff has failed to adequately allege a Section 1985 claim.

As to Defendants' second argument, while a corporation *cannot* conspire with its officers acting within the scope of their employment,[8] two employees of a corporation, acting within their scope of employment *can* conspire with one another. *Novotny v. Great Am. Fed. Sav. & Loan Ass'n*, 584 F.2d 1235, 1257 (3d Cir. 1978), overruled on other grounds by *Great Am. Sav. & Loan Ass'n. v. Novotny*, 442 U.S. 366 (1979). It is also possible for a conspiracy to exist between a corporate defendant and an officer, but only if the officer is acting in a personal capacity and outside his scope of employment. *Heffernan v. Hunter*, 189 F.3d 405, 412 (3d Cir. 1999). Thus, it is legally possible for Plaintiff to re-plead a conspiracy between multiple employees of Vitec, or between Vitec and its employees in their personal capacity.

Defendants' third argument is correct insofar as it indicates that the "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *Great Am. Sav. & Loan Ass'n.*, 442 U.S. at 377. However, this does not mean that a Section 1985 claim cannot survive along with a Title VII claim. In fact, so long as "the § 1985 claim is based on some other federal source, such as the equal protection clause of the Fourteenth Amendment, the fact that the conduct can be said to violate Title VII as well does not operate to bar the § 1985 claim." *Reynolds v. Borough of Avalon*, 799 F. Supp. 442, 449 (D.N.J. 1992). Defendants allege that Plaintiff's Section 1985 claim "appears to be, like his Title VII claim." Def. Br. at 10. However, Count Six is also similar to Count One, which alleges violations of Plaintiff's federal constitutional rights. *Compare* Compl. ¶¶ 100-101 with *id.* ¶¶ 126-127, and *id.* ¶¶ 144-145. It is therefore plausible that

---

[8] *See Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (holding that "an entity cannot conspire with one who acts as his agent"); *Howmedia Osteonics Corp. v. Zimmer, Inc.*, No. 11-1857, 2012 WL 5554543, at *17 (D.N.J. Nov. 14, 2012) ("Under New Jersey law, when the officers or agents of a corporation are acting in their corporate capacity, they cannot conspire with the corporation.").

7

Plaintiff could re-plead this Count as a violation of a distinct federal right, and simultaneously maintain a Title VII claim.[9]

As is, the Complaint does not sufficiently plead a violation of 42 U.S.C. § 1985 and therefore this claim is dismissed. However, this dismissal is without prejudice, and Plaintiff may re-plead this cause of action consistent with the pleading requirements for Section 1985.

Plaintiff, in Count Seven, brings a claim pursuant to 42 U.S.C. § 1986, which provides a cause of action for those with knowledge of wrongs conspired to be done under Section 1985, and the power to prevent such violations, who nonetheless "neglect or refuse to do so." In order to allege a violation of Section 1986, a plaintiff must show that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).

Defendants correctly argue that Section 1986 "does not create an independent cause of action" from Section 1985. Def. Br. at 11; *see Black v. Bayer*, 672 F.2d 309, 313 n.4 (3d Cir. 1982) (holding that because the plaintiff's Section 1985 claim failed, so did his Section 1986 since Section 1986 does not create an independent cause of action). Since the Court is dismissing Count Six without prejudice, it will also dismiss Count Seven without prejudice.

## Count Eight

Defendants point to two reasons why Plaintiff's CEPA claim should be dismissed: (1) "the Complaint does not contain any alleged whistleblowing activity"; and (2) "Plaintiff's CEPA claim fails to state an actionable claim because it only concerns alleged violations of internal rules." Def. Br. at 13. To state a claim under CEPA, a plaintiff must allege that:

> (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a 'whistle-blowing' activity described in [CEPA]; (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistleblowing activity and the adverse employment action.

*Brown v. City of Long Branch*, 380 F. App'x 235, 239 (3d Cir. 2010) (internal quotation marks and citations omitted). Whistle-blowing activity under CEPA includes (1) disclosing or threatening to disclose to a supervisor or to a public body an activity, practice or policy the employee reasonably believes is a violation of the law, fraudulent or criminal; (2) providing information, or testifying to a public body; or (3) objecting or refusing to participate in any activity the employee reasonably believes is a violation of the law, fraudulent, criminal or incompatible

---

[9] While the Court dismissed Count One with prejudice due to a lack of state action, it is still legally possible for Plaintiff to re-plead his Section 1985 claim and clearly identify a federal right that underlies the alleged conspiracy.

8

with public policy. N.J. Stat. Ann. § 34:19-3. A plaintiff's protected activities under CEPA include such actions as "writing reports to the Office of Affirmative Action . . . making the EEOC charge and instituting [a civil] action." *Ivan v. Cty. of Middlesex*, 595 F. Supp. 2d 425, 469 (D.N.J. 2009); *see also Brown v. City of Long Branch*, 380 F. App'x 235, 239 (3d Cir. 2010) (reversing district court's dismissal of a plaintiff's CEPA claim and holding that plaintiff's allegation that he complained to his superior, as well as filed a complaint with DHHS and EEOC, was sufficient to satisfy the first two elements of a *prima facie* case under CEPA).

Contrary to Defendants' argument, the Complaint does appear to assert certain whistleblowing activity, specifically complaints concerning a hostile work environment and a "formal EEO complaint with the EEOC." Compl. ¶¶ 20, 58. However, Defendants appear to correctly point out that the specific CEPA allegation in the Complaint concerns a violation of Vitec's internal rules and policies. Specifically, Plaintiff alleges that Defendants "[b]y failing to follow its own rules, regulations, policies and established procedures . . . retaliated against the Plaintiff." Compl. ¶ 133. Defendants are correct that CEPA requires a plaintiff to plead a violation of "either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy." *Brown*, 380 F. App'x at 239. Thus, to prevail on a CEPA claim, a plaintiff must specifically identify a law or regulation that they are alleging was violated by a defendant. *Fischer v. G4S Secure Sols. USA, Inc.*, 614 F. App'x 87, 92 (3d Cir. 2015). Internal rules and regulations, and corporations' bylaws generally are not sufficient to adequately plead a CEPA claim. *Dzwonar v. McDevitt*, 177 N.J. 451, 828 A.2d 893, 904 (2003) (stating that the trial court should have precluded CEPA claim based on violation of union rules because "bylaws are not a law, rule or regulation pursuant to CEPA") (internal quotation marks omitted); *Smith v. TA Operating LLC*, No. 10-2563, 2010 WL 3269980, at *5 (D.N.J. Aug. 17, 2010) (finding that an Employee Handbook is merely a company policy and does not constitute "law[s], rule[s] or regulation[s]" as required by the language of CEPA).

As a result, to the extent that Plaintiff is alleging a CEPA violation based on company policies and internal hiring procedures, these actions are not protected by CEPA and Plaintiff cannot move forward under that legal theory.[10] As is, Plaintiff's Complaint does not sufficiently plead a violation of CEPA, and therefore this claim is dismissed. However, this dismissal is without prejudice, and Plaintiff may re-plead this cause of action alleging a violation of a law or clear mandate of public policy consistent with the pleading requirements of CEPA.

Count Nine

Defendants' final collective argument is that Plaintiff's defamation claim (Count Nine) should fail for lack of details regarding any defamatory statement. Def. Br. at 14. The Court agrees. Plaintiff does not state with particularity a claim for defamation in his Complaint. *Novartis Pharms. Corp. v. Bausch & Lomb, Inc.*, No. 07-5945, 2008 WL 4911868, at *5 (D.N.J. Nov.13, 2008) ("A claim for defamation must be [pled] with particularity and thus must set forth the facts identifying the defamatory statements, their utterer, and their publication.") (internal quotation

---

[10] The Court is not ruling on the potential evidential use of a company's failure to follow its own policy or rules in taking alleged retaliatory action. The Court is merely ruling that if Plaintiff is alleging that he blew the whistle on Vitec for not following its own internal rules and policies, this activity is not sufficient to sustain a CEPA claim.

9

marks omitted). Here, Plaintiff does not clearly identify a defamatory remark, the circumstances surrounding such a remark, or by whom the remark was made. Therefore, Count Nine is dismissed without prejudice.

### Adequacy of Service

The Individual Defendants argue that they should be dismissed for the additional reason that they were improperly and/or untimely served. Indiv. Def. Br. at 1. The Individual Defendants allege that Plaintiff failed to properly serve McNally and Milkey, in violation of Federal Rule of Civil Procedure 4(e). *Id.* at 3-4. Additionally, they argue that the service to each of the Individual Defendants was not in accordance with the time deadlines provided by Rule 4(m), and therefore the Complaint should be dismissed as to them. *Id.* at 5.

Rule 4(e) of the Federal Rules of Civil Procedure establishes the methods for effecting service upon individual defendants. Individuals may be served personally, or by leaving a copy of the Summons and Complaint at the individual's dwelling or usual place of abode with a someone of suitable age who resides there, or by delivering a copy of the Summons and Complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e). Rule 4(m) gives a plaintiff 120 days after the complaint is filed to serve the defendant, unless the time period is extended by the court. Fed. R. Civ. P. 4(m). Here, the Complaint was initially filed on October 29, 2015. D.E. 1. Plaintiff filed, and was granted, an extension of time to serve Defendants until February 29, 2016. D.E. 5, 6. Plaintiff attempted to serve McNally and Milkey on April 5, 2016, and the remaining Individual Defendants remain unserved. D.E. 12, 14, 18, 19. Therefore, to-date, none of the Individual Defendants have been properly served.

According to Rule 4(m), a district court must first determine whether good cause exists for failure to serve. *Petrucelli v. Bohringer and Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995). If a plaintiff can demonstrate good cause, the district court must extend the time period for service of process. *Id.* If no good cause exists, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id.*

Since the burden to establish good cause rests with Plaintiff, who has not opposed Defendants' motion, good cause is not shown here. *See Mason v. Therics, Inc.*, No. 08-2404, 2009 WL 44743 (D.N.J. Jan. 6, 2009). However, absent good cause, a court may still exercise its discretion and extend the time for service. In determining whether to grant a discretionary extension, the court may consider several factors, including "(1) actual notice of the action, (2) prejudice to the defendant, (3) statute of limitations, (4) conduct of the defendant, (5) whether the plaintiff is represented by counsel, and (6) any other relevant factor." *Jumpp v. Jenkins*, No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010). One factor that frequently weighs in favor of a district court exercising discretion is a plaintiff's *pro se* status. *Cain v. Abraxas*, 209 Fed. Appx. 94, 97 (3d Cir. 2006); *Crutchley v. Sun Dog Marina, Inc.*, No. 10-3737, 2011 WL 6071807, at *4 (D.N.J. Dec. 5, 2011).

Here, Plaintiff attempted to serve process on each of the Individual Defendants. D.E. 7. While he mistakenly filled out their addresses as their prior place of employment, his efforts were reasonable in light of his interaction with the Individual Defendants at their place of current or

prior employment, Vitec. Taking into consideration Plaintiff's *pro se* status, combined with his reasonable attempts to serve, this Court will exercise its discretion in granting Plaintiff extended time to properly serve Defendants. Moreover, the Individual Defendants have not indicated any prejudice that they have suffered. The Court therefore grants Plaintiff a forty-five (45) day extension upon which to properly serve each of the Individual Defendants in accordance with the Federal Rules.

Conclusion

In sum, the Court **GRANTS** Defendants' motion for partial dismissal of the Complaint. Counts One, Two, Three, and Five are dismissed **WITH PREJUDICE**. Counts Six, Seven, Eight, and Nine are dismissed **WITHOUT PREJUDICE**. Plaintiff shall have forty-five (45) days to file an amended complaint as to those counts dismissed without prejudice if he intends to do so.

The Court **DENIES** the Individual Defendants' motion to dismiss for insufficient service of process. Plaintiff has forty-five (45) days to effectuate proper service.

It is further **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by certified mail return receipt.

**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

11