UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

MICHAEL SCIPIO,

    *Plaintiff*,

v.

VITEC VIDEOCOM, SEAMUS MCNALLY, LORENA LUPINNACI, JENNIFER MIKEY, MARTY FRASCO, DONALD MASON, individually and in their official capacities,

    *Defendants*.

Civil Action No. 15-7776

**OPINION**

**John Michael Vazquez, U.S.D.J.**

The present matter comes before the Court on Defendants'[1] partial motion to dismiss the Amended Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve and Rule 12(b)(6) for failure to state a claim. *Pro Se* Plaintiff Michael Scipio ("Plaintiff") opposes the motion.[2] This case concerns the alleged discrimination by Vitec and the Individual Defendants against Plaintiff. This motion was decided without oral argument pursuant

---

[1] Defendants include Vitec Videocom's ("Vitec"), and a group of current and former employees of Vitec (collectively referred to as the "Individual Defendants"). The Individual Defendants consist of Seamus McNally, Lorena Lupinacci, Jennifer Milkey, Donald Mason, and Marty Frasco (collectively with Vitec, "Defendants").

[2] Defendants' brief in support of its partial motion to dismiss the Amended Complaint will be referred to hereinafter as "Def. Br." (D.E. 23); Plaintiff's opposition to Defendants' motion to dismiss will be referred to "Pl. Opp'n" (D.E. 25); and Defendants' reply brief will be referred to "Def. R.Br." (D.E. 30).

to Rule 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and grants in part Defendants' motion.

## I. BACKGROUND

The following facts are derived from Plaintiff's Complaint[3] and Amended Complaint ("AC").[4] In August 2013 Plaintiff began working as a temporary employee at Vitec, a company located in Budd Lake, New Jersey. Vitec provides support equipment and accessories for cameras. Compl. ¶¶ 12-13. Plaintiff's temporary status lasted until April 2014, when he accepted a permanent position as a "Warehouse Shipping Lead." *Id.* ¶ 12. Before accepting this position, he was advised by Lorena Lupinacci, the manager of Vitec's Human Resources, that Vitec "did not try to lock employees into positions" and "fostered an environment that encouraged and allowed employees to apply for opportunities within the company." AC ¶ 49.

The AC alleges instances of discrimination and describes a "hostile work environment." *See id.* ¶¶ 60-137. Initially, Plaintiff alleges that he notified Vitec employee Marty Frasco in October 2014 that "due to the accumulation of events, a stressful and hostile environment was being created" and that "[Plaintiff] wanted to work the situation out with [Frasco], but if not possible, plaintiff would have to address [his] concerns through HR." *Id.* ¶¶ 78-79. Also in October 2014, Frasco told Plaintiff that "he (Frasco) would discontinue his previous attempts to

---

[3] Seemingly crucial facts were omitted from Plaintiff's Amended Complaint. The Court therefore refers back to original Complaint to set forth a comprehensible timeline of the factual allegations.

[4] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Here, the Court accepts the well-pleaded facts in the AC for purposes of the current motions. The facts taken from the original Complaint, as indicated in note 1, *supra*, are referenced for context. However, even if the Court were to consider the factual allegations in the original Complaint, it would not change the Court's decision.

modify [P]laintiff's job description and responsibilities." *Id.* ¶ 81. Sometime in 2014, Plaintiff stated his concern that Frasco (or other management) was "requiring the [Plaintiff] to perform functions of Inventory Control [instead of Warehouse Shipping Lead]". *Id.* ¶ 91. Plaintiff further alleges that Frasco "scream[ed] at and berate[d] [P]laintiff in front of [a co-worker]." *Id.* ¶ 93. Plaintiff eventually filed a grievance letter with Vitec on February 23, 2015. *Id.* ¶ 44. The letter concerned Plaintiff's alleged discriminatory treatment under Frasco's supervision and the creation of a hostile work environment. *Id.* ¶¶ 4, 63. "[I]n or around the last two months of [] 2015,"[5] a temporary employee was placed into a permanent job which Plaintiff had sought. *Id.* ¶ 102.

Plaintiff emphasizes the fact that he was told that it was Vitec's policy to offer available positions first to permanent employees, and then allow temporary employees to apply for these positions. *Id.* ¶ 33. In Plaintiff's grievance letter written on February 23, 2015, and in a subsequent meeting, Plaintiff "expound[ed] upon options and articulated unequivocally that beyond addressing the hostile work environment issue, [P]laintiff wanted either . . . a raise to stay in the current job . . . or a move to one of the vacant positions or temporarily filled positions in the warehouse." *Id.* ¶¶ 37-38. Plaintiff proposed four different positions he "could fill immediately," including: "(1) data entry, (2) warehouse shipping, (3) cycle count or (4) receiving." *Id.* ¶ 39. After Plaintiff's request to change positions, another employee was moved to the receiving job he had applied for. *Id.* ¶¶ 41-42. Vitec offered no written or verbal reason why Plaintiff's request to move was denied. *Id.* ¶ 43. Plaintiff concludes that these incidents were contrary to company

---

[5] The year 2015 appears to be in error since Plaintiff was terminated on April 28, 2015. Compl. ¶¶ 12, 21. In ruling on Defendants' motion to dismiss the original Complaint, the Court previously requested that Plaintiff fix this apparent error in an amended complaint. D.E. 23, at 3 n.3. Plaintiff did not.

3

policy and that Vitec blocked Plaintiff from applying for positions "in an illegal discriminatory fashion." *Id.* ¶ 27.

During the last week of March 2015, Donald Mason, a Vitec employee, "inappropriately accused [Plaintiff] of being on the clock but off [sic] out of the building." *Id.* ¶ 50. Plaintiff alleges that he proved to Mason that he was, in fact, "off the clock and on lunch . . . [a]nd advised [Mason] he should not address [Plaintiff] or force [Plaintiff] to participate in official company business on [his] personal time." *Id.* ¶ 51. The next day Mason apologized for his behavior and offered Plaintiff the position of "picker/packer." *Id.* ¶ 54. Plaintiff responded that he had requested a move to a different position in February 2015. *Id.* ¶ 55.[6]

Plaintiff alleges that Vitec retaliated "against Plaintiff for filing a grievance and reporting a [h]ostile [w]ork [e]nvironment" by issuing a "letter of warning" to Plaintiff. *Id.* ¶¶ 62-63. Plaintiff further alleges that he never received "the investigation report" or an "adequate response" to the claims he raised. *Id.* ¶¶ 64-66. Around April 8, 2015, Plaintiff filed a formal EEOC complaint bringing claims "for disparate treatment and discrimination based on sex (male) and/or [r]ace (African-American)." *Id.* ¶ 21. On or around April 28, 2015, Plaintiff received an email with an unsigned letter from Human Resources terminating his employment. Compl. ¶ 12. Plaintiff then filed the present action.

## II. PROCEDURAL HISTORY

---

[6] The alleged exchange with Mason is not very clear. It does not seem that Plaintiff accepted the offer to move to the "picker/packer" position. *Id.* ¶¶ 54-57

4

Plaintiff filed his initial Complaint on October 29, 2015, alleging ten causes of action.[7] D.E. 1. On February 25, 2016, Plaintiff filed an application to extend the time to serve Defendants. D.E. 5. By an Order dated February 29, 2016, the Court granted Plaintiff's request and extended the time to serve Defendants to March 31, 2016. D.E. 6. On April 20, 2016, Defendants moved to dismiss all counts except Counts Four and Ten, pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 17. On May 23, 2016, the Individual Defendants moved to dismiss the Complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 4(e), and for untimely service of process pursuant to Rule 4(m). D.E. 21.

The Court, on August 2, 2016, granted Defendants' motion for partial dismissal, dismissing Counts One, Two, Three and Five with prejudice and Counts Six, Seven, Eight, and Nine without prejudice (hereinafter the "August 2 Opinion"). D.E. 23. The Court denied the Individual Defendants' motion to dismiss for insufficient service of process, giving Plaintiff forty-five (45) days to effect proper service. *Id.* Accordingly, Plaintiff had until September 16, 2016 to serve the Individual Defendants.

Plaintiff subsequently filed his Amended Complaint alleging two causes of action: (1) violation of 42 U.S.C. § 1981; and (2) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII"). AC ¶¶ 4-14. In lieu of answering, Defendants filed their motion to dismiss on February 28, 2017. D.E. 37. Plaintiff opposed this motion. D.E. 38.

---

[7] Plaintiff's Complaint alleged the following counts: (1) violation of Due Process and Equal Protection under Fourteenth Amendment of the United States Constitution; (2) violation of Due Process and Equal Protection of the New Jersey Constitution; (3) violation of 42 U.S.C. § 1983; (4) violation of 42 U.S.C. § 1981; (5) violation of New Jersey Civil Rights Act, N.J.S.A. 10:6-2 *et seq.* ("NJCRA"); (6) violation of 42 U.S.C. § 1985 et seq.; (7) violation of 42 U.S.C. § 1986; (8) violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.* ("CEPA"); (9) Defamation; and (10) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII"). *Id.* ¶¶ 96-145.

### III. STANDARD OF REVIEW[8]

Rule 12(b)(5)

Rule 12(b)(5) permits a court to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The party effecting service has the burden of establishing that service was sufficient. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Courts, however, have "broad discretion" in deciding a motion to dismiss pursuant to Rule 12(b)(5). *Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013).

A plaintiff must serve the summons and complaint on each defendant within 120 days of filing the complaint or the matter is subject to dismissal.[9] Fed. R. Civ. P. 4(m). But before a court dismisses a case for insufficient service of process, it must determine whether there was good cause for a plaintiff's failure to effect timely service. *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995). A plaintiff has the burden to establish good cause. *Mason v. Therics, Inc.*, No. 08-2404, 2009 WL 44743, at *2 (D.N.J. Jan. 6, 2009). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Three factors are used to evaluate good cause: "(1) reasonableness of plaintiff's effort to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *Id.* "Although courts must construe *pro se* complaints liberally in favor of plaintiffs . . . courts cannot exercise

---

[8] Defendants do not explicitly state any rule pursuant to which they bring their motion to dismiss. Nonetheless, the Court interprets the motion as a 12(b)(5) motion for insufficiency of process and a 12(b)(6) motion for failure to state a claim because Defendants' motions address these two substantive areas.

[9] Rule 4(m) has since been amended to reduce the time for service to ninety days. *See Miles v. City of Newark*, No. 15-1032, 2016 WL 4923504, at *2 n.1 (D.N.J. Sept. 14, 2016).

jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure." *Conrad v. Potter*, No. 04-5094, 2006 WL 54337, at *2 (D.N.J. Jan. 10, 2006) (internal citations omitted).

If a plaintiff can demonstrate that good cause exists, "the district court must extend the time for service." *Petrucelli*, 46 F.3d at 1305. If good cause does not exist, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id.*

Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If,

7

after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## IV. DISCUSSION

Service of Process

Defendants argue that Plaintiff failed to timely serve the Individual Defendants and, therefore, the AC should be dismissed as to them. Def. Br. at 3-4. Defendants note that the only Individual Defendant Plaintiff attempted to serve is Defendant Frasco, whom he served 16 days after this Court's deadline.

Plaintiff responds by arguing that prior to his extension in February of 2016, he "had been to the Court Clerk's office at least twice," however "the Court Clerk would not provide any stamping or issuance of Summons until the Court ruled on Plaintiff's *in forma pauperis* application." Pl. Opp'n at 1. Plaintiff further alleges that after his application was granted, the Individual Defendants no longer worked at Vitec and therefore their summonses were returned to the Court and to Plaintiff. *Id.* at 2. He also claims that he only had information to contact Frasco and after searching for that information he "eventually [found] it and provided[] it to the Court."

*Id.* Plaintiff asserts that he provided the information to the Court within the 45-day extension granted by this Court's August 2 Opinion and it "is beyond his control as to how quickly the US Marshall service will actually serve a defendant." *Id.* Lastly, Plaintiff contends that he was having trouble with his "mail delivery."[10] *Id.* at 3.

Plaintiff filed his initial Complaint on October 29, 2015. D.E. 1. Plaintiff requested, and was granted, an extension of time to serve Defendants until March 31, 2016. D.E. 5, 6. Plaintiff failed to properly serve any of the Individual Defendants and on May 23, 2016, the Individual Defendants moved to dismiss Plaintiff's Complaint for insufficient service of process. D.E. 21. In its August 2 Opinion, this Court found that Plaintiff did not demonstrate good cause for failing to timely and properly serve the Individual Defendants. D.E. 23, at 10. Nonetheless, the Court exercised its discretion and granted Plaintiff an additional forty-five days to serve each of the Individual Defendants. *Id.* at 11. Therefore, Plaintiff had until September 16, 2016 to effect service.

Plaintiff served Defendant Frasco on November 26, 2016, over two months after the deadline to effect service had run. D.E. 31. The application to the U.S. Marshalls indicates that it was filled out on September 15, 2016, and Plaintiff argues that this is sufficient to demonstrate that he served Frasco before the required date. *Id.* Plaintiff did not attempt to serve the remaining Individual Defendants.[11]

---

[10] Plaintiff goes on to give examples of receiving delayed court documents and orders. It is unclear how this affects *Plaintiff's* ability to timely serve the Individual Defendants.

[11] Plaintiff filed his AC on January 27, 2017. D.E. 32. However, this is irrelevant to the question of whether Plaintiff properly served Defendants with his initial Complaint. "The filing of an amended complaint does not restart the service period as to defendants named in the original complaint." *Zhang v. Haven-Scott Assocs., Inc.*, No. 95-2126, 1996 WL 355344, at *5 (E.D. Pa. June 21, 1996).

As noted in its August 2 Opinion, this Court finds no good cause for Plaintiff's failure to serve the Individual Defendants. *See Petrucelli*, 46 F.3d at 1305. Plaintiff has now received two extensions to serve Defendants. To demonstrate good cause, Plaintiff must show that "he exercised diligence in trying to effect service." *Jumpp v. Jerkins*, No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010). Here, Plaintiff attempted to serve Frasco a single day before the deadline expired and made no attempt to serve the remaining Individual Defendants. These efforts are not "reasonable" in light of Plaintiff's extended time granted by this Court. *See id.* Moreover, Plaintiff did not move for an enlargement of time to serve. *Id.* at *11 (finding plaintiffs' failure to move for an enlargement of time for service to contribute to a finding that plaintiffs did not demonstrate good cause). While neither party argues prejudice, the "absence of prejudice alone can never constitute good cause to excuse late service." *MCI Telecomms.*, 71 F.3d at 1097. Thus, the Court finds no good cause for Plaintiff's delay and failure to serve the Individual Defendants.

However, absent good cause, a court may still exercise its discretion and extend the time for service. *Jumpp*, 2010 WL 715678, at *6. In making this determination, "the court may consider and balance several factors including (1) actual notice of the action, (2) prejudice to the defendant, (3) statute of limitations, (4) conduct of the defendant, (5) whether the plaintiff is represented by counsel, and (6) any other relevant factor." *Id.* at *7.

Previously, this Court stressed Plaintiff's *pro se* status in extending his time for service. D.E. 23. Since Plaintiff is proceeding *pro se*, and he directed the U.S. Marshalls to serve Frasco prior to the September 16 deadline, the Court will again exercise its discretion in excusing Plaintiff's delay in serving Frasco. *See Cain v. Abraxas*, 209 Fed. Appx. 94, 97 (3d Cir. 2006) (noting plaintiff's *pro se* status as a factor that weighs in favor of a court exercising its discretion pursuant to Rule 4(m)). Nonetheless, this case was originally filed nearly two years ago, and

Plaintiff has failed to effect service on the remaining Individual Defendants. Despite two extensions of the time to serve, Plaintiff still has not properly served the remaining Individual Defendants. Moreover, since this Court's most recent extension in August, it appears that Plaintiff has not attempted service on anyone other than Frasco. Therefore, this Court will grant the Individual Defendants' motion with respect to McNally, Lupinnaci, Mikey, and Mason and the AC is dismissed as to them. *See Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 610-11 (D.N.J. 2002) (dismissing the complaint against defendant for failure to comply with Rule 4(m) "because more than thirteen months have passed since the filing of Plaintiff's original complaint" and "Plaintiff has demonstrated no reasonable basis for failing to comply with the service requirements of Rule 4(m)").

Failure to state a claim

Defendants also argue that Title VII does not subject individual employees to liability and therefore Count Two should be dismissed as to the Individual Defendants. Def. Br. at 4. Plaintiff responds that "Courts have upheld Title VII actions against individual supervisors in their official capacities." Pl. Opp'n at 4. Defendants reply that individual liability under Title VII is a minority view that has been rejected by the Third Circuit. Def. R.Br. at 2. Therefore, Defendants request the Court dismiss the Title VII claim as to the Individual Defendants.

In the Third Circuit, "individual employees cannot be held liable under Title VII." *See Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996); *LeJon-Twin El v. Marino*, No. 16-2292, 2017 WL 592232, at *3 n.2 (D.N.J. Feb. 14, 2017) ("The Third Circuit has long held that Title VII liability attaches to employers, not to individual supervisory employees."). Since Title VII liability does not attach individuals, the Court will dismiss Count Two as to all Individual Defendants with prejudice.

## V. CONCLUSION

In sum, the Court **GRANTS IN PART** Defendants' motion. Count One is dismissed as to Defendants McNally, Lupinnaci, Mikey, and Mason without prejudice. Count Two is dismissed as to the Individual Defendants with prejudice. Plaintiff has thirty (30) days to file an amended complaint, if he so chooses, consistent with this Opinion and with Local Civil Rule 15.1.[12] An appropriate Order accompanies this Opinion.

**Date:** July 6, 2017

                                                **JOHN MICHAEL VAZQUEZ**
                                                UNITED STATES DISTRICT JUDGE

---

[12] Effective May 10, 2017, Local Civil Rule 15.1 states, in part, that:

> A party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file:
>
> (1) a copy of the amended pleading, complete with a handwritten or electronic signature; and
> (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

12